IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                    :
**MALIBU MEDIA, LLC**               :
                                    :   CIVIL ACTION NO. 5:12-cv-04442
            **Plaintiff,**          :
    vs.                             :
                                    :
**JOHN DOES 1-23,**                 :
                                    :
            **Defendants.**         :
_____ :

**Henry S. Perkin, M.J.**                                       **April   3  , 2013**

## MEMORANDUM

Presently before the Court are Defendant John Doe # 4's Motion to Quash Plaintiff's Subpoena, Defendant John Doe #9's Motion to Quash Subpoena Served on Comcast and/or Issue a Protective Order and Defendant John Doe # 15's *pro se* Motion to Quash Subpoena. For the reasons set forth below, the Motions are granted in part and denied in part.

### I.     BACKGROUND.

Plaintiff Malibu Media, LLC alleges copyright infringement of its adult film entitled "Young and Hot" by various John Doe Defendants, including John Doe Defendants # 4, #9, and #15. Plaintiff specifically alleges infringement through use of a peer-to-peer client sharing program, known as BitTorrent, without payment of royalties to the Plaintiff. Third-party subpoenas have been issued to the Defendants' internet service providers ("ISPs"). Through these subpoenas, Plaintiff seeks the identities of John Doe Defendants #4, #9 and #15. At this stage in the litigation process, Plaintiff has merely obtained an "IP" address identifying each of the subject John Doe Defendants. The subpoenas served on the ISPs require the ISPs to provide Plaintiff with the names and addresses—as well as other identifying information—of the John

1

Doe Defendants so that Plaintiff may serve each John Doe Defendant with process. Given the sensitive and potentially embarrassing consequences of revealing their true identities, John Doe Defendants #4, #9 and #15 seek an Order quashing the subpoenas.

Plaintiff has filed nearly identical lawsuits against numerous other John Doe Defendants in this Circuit and across the country. All three moving John Doe Defendants have filed Motions to Quash the Subpoenas and two have requested a protective order regarding the disclosure of their actual identities to Plaintiff through the subpoena process.[1] This Court agrees with and will utilize the approach adopted within the Third Circuit in resolving similar motions.[2]

## II.     DISCUSSION.

The John Doe Defendants move to quash the subpoenas served upon their ISPs pursuant to Federal Rule of Civil Procedure 45(c)(3)(A) because (1) the subpoenas seek disclosure of protected information, (2) the subpoenas subject them to damage of reputation and embarrassment and (3) the information sought is not relevant.  Specifically, John Doe # 4 argues irreparable harm and damage to reputation and John Doe #9 argues undue burden.  John Doe #15, acting *pro se*, does not set forth an argument in support of his motion to quash.  Based on the arguments of John Doe #4 and John Doe #9 claiming damage to reputation and embarrassment, this Court interprets these arguments as motions for a protective order pursuant to Federal Rule of Civil Procedure 26(c).

---

[1]     John Doe #4 requests that this Court "prohibit Comcast from disclosing my actual identity to the Plaintiff" (Dkt. No. 9 at 1) and John Doe # 15 requests "a protective order regarding John Doe 15, only." (Dkt. No. 14 at 3). This Court treats these requests as Motions for Protective Orders regarding the disclosure of each John Doe's actual identity to Plaintiff through the subpoena process.

[2]     *See* Malibu Media, LLC v. John Does 1-16, 2012 WL 4717893 (E.D. Pa. Oct. 3, 2012) (Baylson, J.); Malibu Media, LLC, v. John Does 1-15, 2012 WL 3089383 (E.D. Pa. July 30, 2012) (Kelly, J.); Raw Films, Ltd. v. John Does 1-15, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012) (McLaughlin, J.); Malibu Media, LLC, v. John Does 1-30, 2012 WL 6203697 (D.N.J. Dec. 12, 2012) (Arpert, J.).

### A. Standing

Whether a person has standing to challenge a third-party subpoena issued to a non-party depends on the type of challenge set forth. A party has standing to challenge a third-party subpoena on grounds of privilege or protected matter, but not on grounds of undue burden.[3] It appears that Plaintiff does not object to Defendants' Motions on grounds of standing.[4] This Court will examine Defendants' substantive arguments arising under the theory of undue burden.[5]

### B. **Motions to Quash.**

On timely motion, Federal Rule of Civil Procedure 45(c)(3)(A) allows a court to quash a subpoena if it requires disclosure of privileged or other protected matter or subjects a person to undue burden.

#### 1. Whether the Subpoenas Require Disclosure of Privileged or Other Protected Matter.

Defendants each seek a Motion to Quash but have not set forth specific reasoning for such a motion.[6] In reading their arguments on related issues, I interpret the Defendants' arguments as follows: John Doe #4 contends that disclosure of his identity would cause

---

[3] Malibu Media, LLC, v. John Does 1-30, 2012 WL 6203697 (D.N.J. Dec. 12, 2012); Kida v. EcoWater Systems, LLC, 2011 WL 1883194 at *2 (E.D. Pa. May 17, 2011); Malibu Media, LLC, v. John Does 1-15, 2012 WL 3089383 at *8 (E.D. Pa. July 30, 2012).

[4] *See* Plaintiff's Memorandum in Opposition (Dkt. No. 17); Plaintiff's Memorandum in Opposition (Dkt. No. 24); Plaintiff's Memorandum in Opposition (Dkt. No. 18).

[5] I will examine Defendants' substantive arguments despite the potentially fatal issue of standing as done by other courts in this Circuit with similar motions. *See* Malibu Media, LLC, v. John Does 1-30, 2012 WL 6203697 (D.N.J. Dec. 12, 2012) (proceeding with challenge on grounds of undue burden despite fatality of standing argument).

[6] *See* Dkt. No. 16 at 2; Dkt. No. 9 at 1; Dkt. No. 23 at 3.

"irreparable harm by way of damage to my reputation, embarrassment and otherwise"[7]; John Doe # 9 contends that "IP locators are not 100% accurate"[8]; and John Doe # 15 contends that he "stands to lose considerable amounts of money and reputation simply because his IP address appeared on Plaintiff's list."[9]

To the extent that these arguments may be grouped to reflect the contention that the subpoenas will release the true identity of the Defendants (thus causing reputational harm and embarrassment), this Court finds such reasoning unpersuasive. Any concern of privacy or anonymity is properly addressed by this Court's granting of a protective order. See infra Section III. Defendants' have not set forth an argument that their identity is otherwise privileged or a protected matter.

To the extent that these arguments may be grouped to reflect the contention that the IP address cannot indicate which person was allegedly sitting behind the computer when Plaintiff's video was downloaded,[10] this reasoning is also unconvincing. This concern has been addressed by other Courts in nearly identical cases throughout the Eastern District and such reasoning was found unpersuasive. Judge Baylson addressed this specific issue four months ago, and stated that "although the disclosure of subscriber information may not reveal the actual infringers in these cases, it may nevertheless allow Plaintiff to identify the actual infringers."[11] This Court adopts

---

[7] Dkt. No. 9, Ex. 1 at 1.

[8] Dkt. No. 14 at 4.

[9] Dkt. No. 23 at 3.

[10] This argument was advanced by former John Doe Defendant #7 in his Motion to Quash or Modify the Subpoena Served on Comcast and Motion for Protective Order. *See* Dkt. No. 13 at 8. Plaintiff voluntarily dismissed John Doe Defendant #7 on February 26, 2013. *See* Dkt. No. 27.

[11] Malibu Media, LLC v. John Does 1-16, 2012 WL 4717893 at *7.

the reasoning of Judge Baylson and finds no persuasive arguments to deny the Motions to Quash on grounds of protected information in Rule 45(c)(3)(A)(iii).

## 2. Whether the Subpoenas are Unduly Burdensome.

This Court will address Defendants' contention that the subpoenas subject them to undue burden. Defendants contend that the subpoenas subject them to undue burden because of the risk to their reputations and because the identities of the John Doe Defendants do not further, or are irrelevant to, Plaintiff's case.[12] Defendants' arguments are unpersuasive for several reasons. First, the true identities of the John Doe Defendants are highly relevant to Plaintiff's case because, as noted within this District,[13] serving a subpoena on an ISP in order to ascertain the identity of John Doe Defendants is well within the scope of permissible discovery. Second, the subpoenas have, in fact, been served on the ISP, not on the John Doe Defendants. Because the John Doe Defendants are not required to produce *any* information, there is no burden on them, let alone an undue burden.[14] Third, the potential risk to reputation is not a sufficient injury to mandate quashing the subpoenas. Any privacy or anonymity concerns are properly addressed by this Court's granting a protective order. See infra Section III.

For these reasons, the John Doe Defendants' Motions to Quash Plaintiff's Subpoenas are denied.

---

[12] John Doe #4 requests that the Court quash the subpoena against him, but does not identify specific reasons as to why the subpoena is unduly burdensome. (Dkt. No. 9 at 2.) John Doe #9 contends that the subpoena subjects him to undue burden because the revelation of his identity is not prima facie evidence of the identity of the infringer. (Dkt. No. 23 at 3.) Specifically, he argues the subpoena is overbroad and thus, unduly burdensome, because identification of the John Does does not further Plaintiff's claims or defenses. (Dkt. No. 23 at 3.) John Doe # 15 contends that his Motion to Quash should be granted because he did not download pornography and the IP address does not sufficiently identify the infringer. (Dkt. No. 14 at 5.)

[13] *See* Malibu Media, LLC v. John Does 1-16, 2012 WL 4717893 at *5-6 (E.D. Pa. Oct. 3, 2012) (Baylson, J.) (citing Raw Films, Ltd. v. John Does 1-15, 2012 WL 1019067 at *6 (E.D. Pa. March 26, 2012)).

[14] *See* Malibu Media, LLC, v. John Does 1-15, 2012 WL 3089383 at * 9 (E.D. Pa. July 30, 2012) (Kelly, J.). In addition to not being overly burdensome, this reiterates the notion that the John Doe Defendants do not have standing to object on grounds of undue burden—it is the Internet Service Provider's right to claim such a burden.

C. **Motion for Protective Order.**

Federal Rule of Civil Procedure 26(c) allows a court, for good cause, to issue a protective order to protect a party or person from annoyance, embarrassment, or oppression.[15] Plaintiff in this case does not object to the issuance of a protective order.[16] Following the reasoning set forth by other Courts in this Circuit,[17] this Court grants a Protective Order pursuant to the following terms:

(1) All parties shall refer to John Doe Defendants #4, #9, and #15 by his or her John Doe number for all matters filed of record with this Court, until further order by this Court. As necessary, the identity of a particular John Doe Defendant shall be disclosed to other parties in discovery and may be disclosed as part of in camera submissions to the Court.

(2) This Protective Order shall only prevent the disclosure of the identities of John Doe Defendants #4, #9 and #15 until trial and/or judgment is entered.

(3) The parties may seek modification of this Protective Order, and the identity of a particular John Doe Defendant may be disclosed, as necessary for discovery purposes, upon request by a party or Order of the Court.

---

[15] FED. R. CIV. P. 26(c).

[16] *See* Plaintiff's Memorandum in Opposition (Dkt. No. 17 at 4); Plaintiff's Memorandum in Opposition (Dkt. No. 24 at 7); Plaintiff's Memorandum in Opposition (Dkt. No. 18 at 11).

[17] *See* Malibu Media, LLC v. John Does 1-16, 2012 WL 4717893 at *9-10 (E.D. Pa. Oct. 3, 2012) (Baylson, J.) (collecting cases).

For the abovementioned reasons, a Protective Order is granted for John Doe Defendants #4, #9 and #15 based on their requests for anonymity, despite their varying use of terminology in requesting such relief.

### III. CONCLUSION.

This Court denies the moving John Doe Defendants' Motions to Quash Plaintiff's subpoenas because: (1) the subpoenas do not seek the disclosure of privileged or protected information; and (2) the subpoenas are not unduly burdensome because they are served on the John Doe Defendants' ISP and seek relevant information. This Court grants the John Doe Defendants' Motions for Protective Order requiring that all references to them in any matters filed of record shall be to each specific John Doe number, until final judgment, request for modification by any party, or further Order of the Court. As necessary, the identity of a particular John Doe Defendant shall be disclosed to other parties in discovery, and may be disclosed as part of in camera submissions to the Court.

An Order follows.